UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JANET REYNOLDS,

 Docket No.: 14 CV 2429 (JBW) (CLP)


 Plaintiff,

**PLAINTIFF'S
MOTION IN
LIMINE**

AMERICAN AIRLINES,


 Defendant.

----------------------------------------------------------**X**

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, JANET REYNOLDS, by and through her attorneys, KRENTSEL &GUZMAN, LLP, pursuant to Rule 16(d)Evidentiary Objections of the Federal Rules of Civil Procedure,and Federal Rule of Evidence 104(a) motion in limineherein respectfully submits the following to this Honorable Court:

 **I.** **Plaintiff's motion in limine to bar the testimony ofdefendant's liability expert,William Meyer, P.E. on biomechanics, impact kinematicsand injury causation analysis and to further preclude Defendant's from presenting these theories as affirmative defenses at trial**

### FACTS AND PROCEDURAL HISTORY

This matter involves claims for personal injuries allegedly resulting from an accident that occurred on July 23, 2013 at approximately 5:20 a.m. Plaintiff alleges that, while working as an employee of Air Serv, Corp. and air craft service contractor to American Airlines a rear service door descended and contacted her while boarding the aircraft causing severe injuries. (Rec. Doc. 1) The matter is set for a jury trial on November 27, 2017. At trial, Defendants seek to introduce the testimony of William Meyer ("Mr. Meyer") as an expert in "biomechanical engineering, impact kinematics and injury

1

causation analysis," to prove that Plaintiff's claimed injuries were not caused by the incident at issue. (Exhibit "A") Plaintiff's instant motion seeks to exclude Mr. Meyer's report and testimony on these theories.

## LEGAL STANDARD AND DISCUSSION

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. The rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. The United States Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Both scientific and nonscientific expert testimony, are subject to the Daubert framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir. 2004); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). When expert testimony is challenged under Daubert, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence. Moore v. Ashland Chem. Co., Inc., 151 F.3d 269, 276 (5th Cir. 1998) *cert. denied*, 526 U.S. 1064 (1999).

In the instant case, based on the standard articulated above, the Defendant's proposed expert testimony is inadmissible because it is (a) unreliable, (b) beyond the expert

witnesses' expertise, and (c) unhelpful to the trier of fact. Mr. Meyer is not a medical doctor and is not qualified to give an opinion on the causation of medical injuries. Mr. Meyer's proposed testimony is unreliable because the analyses and testing that he relied upon to arrive at his opinions are based upon insufficient facts and data. Mr. Meyerdid not inspect the actual airplane door immediately following the incident at issue. Further, Mr. Meyer did not perform any testing immediately following this incident and did not conduct an accident reconstruction investigation of the scene. Mr. Meyer has assumed certain undocumented facts as to the angle of the impact, etc., which are disputed and to which the witness has no personal knowledge. Finally, as stated aboveMr. Meyer is not a medical doctor, and as suchnever personally examined the Plaintiff, yet he renders opinions on the causation of her injuries.

In addition to the testimony and report's foundations in insufficient data, Mr. Meyer's opinions speak to matters beyond his expertise. Defendants do not present Mr. Meyeras a "biomechanical expert," and he holds no biomechanical qualifications. In addition, his report does not present solely a biomechanical analysis. Instead, Mr. Meyerspeaks to both biomechanics and medical causation by opining thatthe force of the impact could not have caused Plaintiff's injuries. Mr. Meyeris not qualified to testify about Plaintiff's medical condition because he is not board certified or qualified in any medical specialty, and he has never been licensed to practice medicine at any timein the United States. Moreover, Mr. Meyer's "accident reconstruction" certification is irrelevant because his report does not reconstruct the exact accident at issue. Rather, he speculates as to the points of impact, the speed that the door made contact with the plaintiff, and force and and manner of impact, without having conducted an inspection of the condition of the

door immediately following the impact or without having physically examined the Plaintiff immediately following impact. Mr. Meyer neither conducted an investigation nor obtained post- accident evidence at the scene in order to reconstruct the incident. In addition, Mr. Meyer is also not a qualified as an accident reconstruction expert.

Finally, Mr. Meyer's opinion will not assist the trier of fact in any way, but rather will likely confuse the jury or cloud its common sense fact-finding role. See, U.S. v. Wiley, 57 F.3d 1374, 1389 (5th Cir., 1995) (generally, expert testimony is unhelpful if it supplants the "jury's independent exercise of common sense.") (internal citation omitted).

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion in limine to bar the testimony of Defendant's Liability Expert William Meyer, P.E., on issues relating to biomechanics, impact kinematicsand injury causation analysis, areas for which he is not a qualified expert; and to further preclude Defendant's from presenting these theories as affirmative defenses at trial.

II. **Plaintiff's motion in limine to bar the testimony defendant's expert Joseph Pessalano, MA., CRC on injury causation analysis as this witness is not qualified to render such an opinion; and to bar him from a utilizing hearsay medical opinions of non–treating experts regarding injury causation analysis in rendering an opinion**

In the instant case, based on the standard articulated above, the Defendant's proposed expert testimony(Exhibit "B") is also respectfully submitted should be inadmissiblebecause it is (a) unreliable, (b) beyond the expert witnesses' expertise, and (c) unhelpful to the trier of fact. Mr Pessalano is not a medical doctor and is not qualified

to give an opinion on the causation of medical injuries. As Mr. Meyer is not a medical doctor, he never personally examined the Plaintiff as such, and yet he proffers opinions on the causation of her injuries. In addition, Mr. Pessalano cannot testify as to the hearsay medical opinions of Defendant's non-treating medical doctors.

Finally, Mr. Pessalano's opinion will not assist the trier of fact in any way, but rather will likely confuse the jury or cloud its common sense fact-finding role. See, U.S. v. Wiley, 57 F.3d 1374, 1389 (5th Cir., 1995) (generally, expert testimony is unhelpful if it supplants the "jury's independent exercise of common sense.") (internal citation omitted).

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion in limine to bar the testimony of Defendant's Liability Expert,Joseph Pessalano, MA., CRC on injury causation analysis as this witness is not qualified to render such an opinion; and to bar him from a utilizing hearsay medical opinions of non–treating experts regarding injury causation analysis in rendering an opinion

> **III.** **Plaintiff's motion in limine to bar the testimony of defendant's expert, Jessica F. Berkowitz, M.D., on injury causation analysis as this witness is not qualified to render such an opinion and did not render a clinical examination of the plaintiff and merely reviewed diagnostic films**

In the instant case, based on the standard articulated above, the Defendant's proposed expert testimony is also respectfully submitted is inadmissible for the same reasons articulated above, because it is (a) unreliable, (b) beyond the expert witnesses' expertise, and (c) unhelpful to the trier of fact. Mr. Pessalano is not a medical doctor and is not qualified to give an opinion on the causation of medical injuries. Mr. Meyer is not a

medical doctor and as such, never personally examined the Plaintiff as such, yet he renders opinions on the causation of her injuries. In addition, Mr. Pessalano cannot testify as to the hearsay medical opinions of Defendant's non-treating medical doctors.

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion in Limine to bar the testimony of Defendant's Jessica F. Berkowitz, M.D., on injury causation analysis as this witness is not qualified to render such an opinion and did not render a clinical examination of the plaintiff and merely reviewed diagnostic films

IV. **Plaintiffs' motion in limine to preclude hearsay transcript testimony fact witness, Robert Dubreuil, as it would constitute a violation of the due process clause under these specific circumstances**

In the criminal setting, the right to confront and cross-examine witnesses is fundamental. Although the full panoply of right do not apply in the civil setting, the right to confront and cross-examine witnesses often still applies.As a general proposition, however, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine witnesses."[1] Here, however, the due process clause, rather than the Sixth Amendment, protects the right. The right to confront and cross-examine witnesses is much more flexible in the civil arena.

---

[1] *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); *Baird v. Owczarek*, 93 A.3d 1222, 1227 (2014) (citations omitted); *Louisiana State Bar Ass'n v. Levy*, 292 So.2d 492, 494 (1974); *see Hyson v. Montgomery County Council*, 217 A.2d 578, 585-86 (1966); *see Matter of Alamance County Court Facilities*, 405 S.E.2d 125, 137 (1991) (indicating that even in civil proceedings substantive right to confront and cross-examine applies) (citations omitted); *see People ex rel. Bernat v. Bicek*, 91 N.E.2d 588, 596 (1950) (holding that a statute that precludes the right to cross-examine witnesses from whom evidence is taken would violate due process); *but see Gilmore v. Osborne-Bushelman*, 2011 WL 3805972, at *3 (holding that the right to cross-examine applies in criminal, not civil, cases).

Here Mr. Dubreuil is not being produced by American Airlines at trial. The Defendant cannot use this testimony of his own witness at trial to admit evidence on the issue of prior notice since it would be a direct violation of the Confrontation Clause. The Plaintiff cannot cross-examine on this issue, which goes to the issue of spoliation and destruction of maintenance/ repair records. This witness by his own admission indicated that he did not have the actual inspection records available, as they were destroyed. Thus, permitting American Airlines to introduce evidence of his own witness at trial on the very issue of notice, when such a witness is not available for cross-examination on this issue, and would directly violate the Plaintiff's right under thedue process clause because Plaintiff would not be permitted to cross- examine, as the court had previously ruled at trial regarding the relevancy of maintenance records which this Honorable Court had previously ruled were "negligently destroyed" by Defendants. It is respectfully submitted that said testimony be excluded.

Moreover, the Defendant knew when it produced this witness, that he would be rendered "unavailable" at trial given the fact that he was located more than 100 miles from New York and would be outside of the subpoena power of this Court. Thus, Defendant by not producing this witness or any other witness at trial, to further testify regarding the destroyed records, as the Court indicated would be Plaintiff's right at trial, is intentionally prohibiting Plaintiff's right to cross-examine this witness at trial on this important issue and the issue of liability. [The Honorable Court is also respectfully referred to Plaintiff's Motion for Missing Witness Charge/Negative Inference Request against Defendant, American Airlines for the failure to produce Mr. Dubreuil and to designate a 30(b)(6) witness at trial.]

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion in limine to bar thetranscript testimony of Robert Dubreuil, as under these specific circumstances, it would constitute a violation of the due process clause.

### V. Plaintiffs' motion in limine to preclude transcript testimony non-party witness, Jerome Harvey as hearsay under Fed. R. Civ. P. 32(A) (3) and (4) and Fed. R. Evid. 804(B)(1)

Rule 804(b)(1)of the Federal Rules of Evidence" currently governs the conditions under which former testimony is admissible into evidence in a subsequent action. In addition to rule 804(b)(1),rule 32(a)(4) of the Federal Rules of Civil Procedure' permits the admission of prior action depositions into evidence in a subsequent action under certain circumstances. Rule 32(a)(3) permits any party to use the deposition of a witness, whether or not that witness is a party, if the party asserting use of the deposition demonstrates to the court the witness' unavailability within the meaning of rule 32(a)(3).

Unavailability under rule 32(a)(3) includes death of a witness, absence of more than100 miles from the trial or hearing, age, illness, infirmity or imprisonment, inability to procure attendance of a witness by subpoena, and other "exceptional circumstances."
The Defendant has failed to offer any proof of Mr. Harvey's unavailability for trial at this time. Furthermore, courts consistently have held that a party may not use a declarant's deposition as substantive evidence under rule 32(a)(3) if the witness is available to testify in person.

Accordingly, the unavailability requirement of rule 32(a)(3) is merely a means of implementing the court's preference for live testimony. *See* Fed. R. Evid. 804(b) advisory committee note; *see also* Salsman v. Witt, 466 F.2d 76, 79 (10th Cir. 1972) (deposition testimony less desirable than oral testimony); Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946) (courts favor presence of witness if available rather than use of depositions); Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (deposition is second-best when live testimony is available). Moreover, the Court in Tappan v. Beardsley, 77 U.S. (10 Wall.) 427, 435 (1870) held that depositions incorporated into trial record not admissible in subsequent suit when witness is competent and party can procure witness); and in Ruther-ford v. Geddes, 71 U.S. (4 Wall.) 220, 224 (1866) court properly excluded deposition as hearsay when party had shown no reason for failing to produce witness.

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion in limine to bar the transcript testimony of Jerome Harvey at trial.

### VI. Plaintiffs' motion in limine to preclude cumulative medical records diagnostic tests, tax records, incident report, and defendant's maintenance records

Plaintiffs seek to preclude cumulative medical records, diagnostic tests, tax records, incident report, and AMERICAN AIRLINE maintenance records and exhibits, in that such evidence would be overly prejudicial and would constitute undue delay and waste of time pursuant to Federal Rule of Evidence 403.

Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Civ. P. 403. Here, both Plaintiff and Defendant seek to introduce the exact same medical records and exhibits introduced by the Plaintiff during her case in chief during Defendant's case. Therefore, the introduction of the same records by Defendant is merely cumulative and will unfairly confuse and mislead the jury, prejudice the Plaintiff and cause undue delay. Therefore, the plaintiff respectfully request this court to grant Plaintiff's application to exclude these same records during the defendant' case in chief.

Dated: New York, New York
November 3, 2017

Respectfully submitted,

KRENTSEL & GUZMAN, LLP.

BY:_____
Clara M. Villarreal (LM 4263)
Attorneys for Plaintiff
17 Battery Place, #604
New York, New York 10004

TO:

RUTHERFORD & CHRISTIE, LLP
Attorneys for Defendant
American Airlines
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
File No.: 3748.405

Docket No.:    14 CV 2429 (JBW) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRCIT FO NEW YORK

========================================================

JANET REYNOLDS,
Plaintiff(s),

-against-

AMERICAN AIRLINES.
Defendant(s)

========================================================

PLAINTIFF'S MOTION IN LIMINE

========================================================

KRENTSEL & GUZMAN, LLP

Attorneys for:  Plaintiff(s)
Office and Post Office Address, Telephone
17 Battery Place, #604
New York, New York 10004
(212) 227-2900

========================================================

To Attorney(s) for

========================================================

Service of a copy of the within is hereby admitted.
Dated_____Attorney(s) for

========================================================

Yours, etc.,

LAW OFFICE OF KRENTSEL & GUZMAN, LLP

========================================================