UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JANET REYNOLDS,

                      Plaintiff,

                                                                    **MEMORANDUM AND OPINION**
-against-                                                   14 CV 2429 (CLP)

AMERICAN AIRLINES, INC.,

                      Defendant.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On February 24, 2014, plaintiff Janet Reynolds commenced this action against defendant American Airlines, Inc. ("defendant" or "American Airlines") in the Supreme Court of the State of New York, Queens County, seeking damages for personal injuries she suffered when the right rear door of an American Airlines 767 airplane allegedly fell down on her back, knocking her to the floor of the plane. The case was removed to this Court and trial began on November 27, 2017.

On the first day of trial, plaintiff Janet Reynolds testified on direct examination, followed by a brief cross-examination. After defendant's counsel completed cross-examination, plaintiff's counsel sought permission to introduce as an exhibit an Incident Report dated July 23, 2013, which plaintiff had failed to offer during direct examination even though it had not been specifically addressed by defendant discuss during cross-examination.

As set forth on the record and explained below, the Court denied plaintiff's request for several reasons.

## BACKGROUND

In the Amended Joint Pretrial Order, plaintiff listed an Incident Report dated July 23, 2013 as her proposed exhibit number 19. (See Am. JPTO at 19, ECF No. 90, Nov. 6, 2017). According to the plaintiff's testimony at trial, the Incident Report was a document prepared by the plaintiff, at the direction of the AirServ dispatcher, shortly after she suffered her alleged accident. The one-page document, which was prepared on AirServ letterhead, and signed by plaintiff and a supervisor, briefly describes what plaintiff alleges occurred on the date of her accident. Defendant objected in the Pretrial Order to the Incident Report on grounds of hearsay statements. (See id.)

Although plaintiff's counsel specifically mentioned the Incident Report in her opening statement, and elicited testimony from her client regarding the Incident Report several times over the 75-minute direct examination of the plaintiff, she made no effort to introduce the Incident Report as an exhibit during her direct examination. It was only after the conclusion of the brief, targeted cross-examination by defendant that plaintiff's counsel sought a sidebar to request that she be permitted to introduce this document as an exhibit. Although plaintiff's counsel claimed she did not introduce the exhibit earlier due to a momentary lapse in memory, it turned out that she did not even have a copy of the proposed exhibit with her in the courtroom. Nor had she provided a copy of the Incident Report to the Court prior to seeking its admission.[1]

Defendant opposed the admission of this new exhibit on redirect as outside the scope of defendant's cross examination of the plaintiff, and on grounds of hearsay.

---

[1] Plaintiff subsequently claimed that she was under the impression that all proposed exhibits were included in the binder of exhibits provided to the Court by defendant prior to trial, even though, as defendant's counsel pointed out, the binder of exhibits was clearly designated on the front cover as "Defendant's" exhibits.

2

## DISCUSSION

The Court denied the admission of the Incident Report based on several considerations.

### A. Plaintiff's Counsel Did Not Have the Exhibit in the Courtroom

*First*, despite plaintiff's counsel's claim that she momentarily forgot about the Incident Report during direct examination, she did not have a copy of it with her in the courtroom and she did not previously provide the Court with a copy. It is not clear how plaintiff could enter into evidence an exhibit she did not bother to bring with her to trial. This failure alone would warrant precluding introduction of the exhibit.

### B. The Proposed Exhibit is Inadmissible Hearsay

*Second*, based on a review of the Incident Report, the Court concludes that it contains inadmissible hearsay. The Incident Report is a "written assertion" by plaintiff of what she claims occurred on the date in question and thus, is a "statement" under Federal Rule of Evidence 801(a). The Incident Report is hearsay because: (1) it is a statement plaintiff did not make while testifying at the current trial; and (2) which plaintiff offers in evidence to prove the truth of the matters asserted in the Incident Report. See Fed. R. Evid. 801(c)(1)-(2). "Hearsay is not admissible unless" "a federal statute, [the Federal Rules of Evidence], or other rules prescribed by the Supreme Court" "provide[] otherwise." Fed. R. Evid. 802.

It is plaintiff's burden, as the proponent of the statement, to show the applicability of an exception or exemption to the prohibition on hearsay. See 30B Jeffrey Bellin, Federal Practice and Procedure: Evidence §§ 6712, 6803 (2017 ed.); accord Evans v. Port Authority of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002) (explaining that the burden of establishing

admissibility, including the applicability of a hearsay exception or exemption, is with the proponent of the evidence).

1. <u>The Incident Report Does Not Qualify as a Business Record</u>

Plaintiff argued that the document was admissible as an exception to the hearsay rule because it constituted a "business record." Rule 803(6) provides that a record of a regularly conducted activity may be admitted regardless of whether the declarant is available as a witness so long as the record was (A) "made at or near the time by – or from information transmitted by someone with knowledge; (B) the record was kept in the ordinary course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness; or by a certification that complies with Rule 902(11) or (12) . . . .; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(A)-(E).

In seeking to admit the document, plaintiff proffered that after the accident, she was taken to MedPort on the premises of JFK for medical treatment. She testified during direct examination that about 40 minutes elapsed between the time the airplane door allegedly struck her and the time she exited the aircraft at approximately 5:30 a.m. on the morning of the incident. She further testified that she did not leave MedPort until 11 a.m., at which time she returned to the AirServ office and wrote the Incident Report. She testified that she was required to prepare this Incident Report as part of her duties as an AirServ employee and because her dispatcher instructed her to do so.

The Court also allowed plaintiff to make a proffer as to admissibility of the Incident Report after cross-examination. (See Tr. 198:23-202:22). During the course of that proffer, plaintiff only testified that the Incident Report was prepared in the "regular course of business," and simply responded affirmatively, without elaboration, to counsel's recitation of the elements of the Rule in leading questions put to her by her counsel. (See id.) At no point did counsel ask plaintiff questions to establish the trustworthiness of the Incident Report, such as whether everything in the document is true, nor did she elicit testimony regarding whether AirServ regularly directs that such documents be compiled and retained. (See id. at 202:23-203:9).

The first three conditions of the Rule are generally "shown by the testimony of the custodian [of the record] or another qualified witness, or by a certification that complies with Rule 902(11) or (12)[.]" Fed. R. Evid. 803(6)(D). "To lay a proper foundation for a business record, a custodian or other qualified witness must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record]. . . . The custodian need not have personal knowledge of the actual creation of the document to lay a proper foundation." NV Petrus SA v. LPG Trading Corp., No. 14 CV 3138, 2017 WL 1905820, at *2 (E.D.N.Y. May 8, 2017) (quoting United States v. Komasa, 767 F.3d 151, 156 (2d Cir. 2014)). To establish that the business record exception applies, the proponent must elaborate on procedure, methodology, or accountability of the business procedure; "[m]ere repetition of conduct, without some indicia of trustworthiness, cannot constitute 'regular business activity' that is admissible under Rule 803(b)(6)." Ortho Pharmaceutical Corp. v. Cosprophar, Inc., 828 F. Supp. 1114, 1120-21 (S.D.N.Y. 1993); see also In re Nassau County Strip Search Cases, 742 F. Supp. 2d 304, 319 (E.D.N.Y. 2010) (explaining "[t]hat the witness . . . answered the leading foundational questions asked by counsel in the

5

affirmative is not dispositive on the issue of admissibility when the concomitant substantive evidence is to the contrary. In such a situation, form is necessarily trumped by substance lest the purpose of the rules of evidence be perverted").

Plaintiff did not proffer as to how the document came to be in her possession, whether it was a copy obtained directly from AirServ, whose responsibility it was to maintain the Incident Report, or the process by which such records might have been maintained by AirServ.[2] Indeed, plaintiff specifically testified that she had no idea what was done with the Incident Report once she provided it to her dispatcher. She therefore has not laid a proper foundation to invoke the business record exception. Plaintiff did not list an AirServ records custodian in the Joint Pretrial Order as a witness nor was there any stipulation between the parties as to the admissibility of this document as a business record. Nor did plaintiff offer "a certification of the custodian or another qualified person that complies with a federal statute."

Apart from being unable to establish the first four requirements of the business records exception, the Court finds that the exception still would not apply because the document was authored by the plaintiff several hours after the alleged incident, and there are thus clear indicia "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). The Advisory Committee's Note to Rule 803(6) makes it clear that the Court, in its discretion, may exclude even a record regularly generated in the course of business where subsection (E) is met. As the Note explains, "the rule proceeds from the base

---

[2] Plaintiff offered during the course of the argument relating to the document that she could subpoena a witness from AirServ to come in and testify. However, she had never listed such a witness in the Pretrial Order, nor did she give notice to defendant that she intended to call such a witness prior to the offer of the exhibit in the middle of trial.
6

that records made in the course of a regularly conducted activity will be taken as admissible *but subject to the authority to exclude* if 'the sources of information or other circumstances indicate lack of trustworthiness.'" Advisory Committee Note to Fed. R. Evid. 803(6) (emphasis added).

Apart from buttressing the plaintiff's testimony at trial, there was nothing in the Incident Report itself that provided any independent indication of trustworthiness. The jury had the opportunity to hear from the plaintiff directly, to observe her demeanor, and consider her credibility. The document was offered merely to reinforce the witness' testimony at a time when cross-examination had already concluded. Thus, the Court concluded that the document was hearsay and not admissible under the business records exception to the hearsay rule.

2. No Other Exclusion or Exception Applies

Plaintiff's counsel limited her arguments for admissibility of the Incident Report to the Business Records Exception. Nonetheless, in an abundance of caution, the Court has examined whether any other exception or exclusion might apply. After conducting that review, the Court has concluded that no other exception or exclusion applies.

The Incident Report does not fall into any of Rule 801(d)'s exclusions from the definition of hearsay. The exclusion of a declarant-witness's prior statement under Rule 801(d)(1) is the most promising of all the exclusions and exceptions, but the Incident Report does not meet any of the requirements of that exclusion. The Incident Report also does not qualify under Rule 801(d)(1)(A) because it is not a prior statement that was given under penalty of perjury nor is it inconsistent with any of the plaintiff's testimony at trial. See Fed. R. Evid. 801(d)(1)(A). The Incident Report is not excluded from the definition of hearsay as a prior consistent statement under Rule 801(d)(1)(B) because there has been no "express or implied charge that [plaintiff] recently fabricated it or acted from a recent improper influence or motive in so testifying" to rebut, nor has

7

plaintiff's credibility as a witness been attacked in a way that the Incident Report would rehabilitate. See Fed. R. Evid. 801(d)(1)(B)(i), (ii). Thus, the first exclusion in Rule 801 does not apply.

The second exclusion in Rule 801 is also inapplicable because it is the plaintiff, not defendant, who seeks to introduce the Incident Report, and it is therefore not excluded as a statement "offered against an opposing party." Fed. R. Evid. 801(d)(2).

Plaintiff, who claims to have written the Incident Report and is thus the "declarant," is available to testify, and she did so earlier in the day; thus, the exceptions embodied in Rule 804 do not apply. See Fed. R. Evid. 804.

## C. Introduction of the Exhibit Would Exceed the Scope of Redirect and Would Promote Inefficiency and Sandbagging

*Third*, as defendant argued, plaintiff's effort to introduce the Incident Report after cross-examination concluded not only exceeded the scope of his cross examination but constituted an unacceptable risk of sandbagging. As a general matter, "an attorney who calls a witness is normally required to elicit on the witness's first direct examination all the testimony that the attorney wishes to prove by the witness." 1 McCormick on Evidence § 32 (7th ed.). That rule promotes fairness and efficiency by curtailing the opportunities for "sandbagging" and reducing the need for numerous back-and-forth examinations.

Federal Rule of Evidence 611(a) vests discretion in the trial judge to determine the scope of redirect. Fed. R. Evid. 611(a); see 1 McCormick on Evidence § 32 (7th ed.). In this Circuit, "[r]edirect examination 'may be used to rebut false impressions arising from cross-examination[,] and the trial judge is in the best position to determine whether such a false impression was created.' 'The scope of redirect examination is a matter entrusted to a trial

judge's broad discretion.'" United States v. Naiman, 211 F.3d 40, 51 (2d Cir. 2000) (quoting United States v. Diaz, 176 F.3d 52, 80 (2d Cir.), cert. denied, 528 U.S. 875 (1999)).

Plaintiff has made no showing that she seeks to introduce the Incident Report to rebut a false impression created by cross-examination. Indeed, having observed both the direct and cross-examination of plaintiff, the Court can discern no false impression that plaintiff might seek to correct by introducing the Incident Report. During cross-examination, defendant's attorney verified plaintiff's testimony on direct examination that, if she saw something amiss on an aircraft while cleaning it, she would write it up and give the writing to the AirServ dispatcher. Counsel then asked the plaintiff to confirm that she did not know what happened after the dispatcher received the writing and would not know whether it ever reached American Airlines. Plaintiff agreed that she did not know what happened once a report was given to the dispatcher. Thus, there is no falsehood that the document could be expected to correct.

Even if there were, it would be inappropriate for the Court to exercise its discretion to allow plaintiff to introduce the exhibit. The Court has repeatedly exhorted, admonished, and reminded plaintiff's counsel to follow the Federal Rules and this Court's Orders. Plaintiff's various attorneys—all from the same firm—have ignored the Court's exhortations. Rule 611 directs the Court to exercise its discretion to ensure the effective determination of the truth and to "avoid wasting time." Fed. R. Evid. 611(a)(1)-(2). However, under these circumstances, to exercise the Court's discretion to allow introduction of this exhibit after cross-examination was concluded and for the only purpose of impermissibly bolstering the plaintiff's testimony would reward sandbagging, sloppiness, and a failure to comply with the Federal Rules.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to introduce on redirect examination an exhibit she did not introduce on direct and which defendant did not address on cross-examination, is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 28, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York