UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANET REYNOLDS,

                Plaintiff,

        -against-

AMERICAN AIRLINES, INC.,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14 CV 2429 (CLP)

**POLLAK**, United States Magistrate Judge:

By Order dated June 29, 2017, this Court granted defendant's motion for sanctions due to plaintiff's counsel's "egregious violations of this Court's Orders and the Federal Rules of Civil Procedure" and required her counsel, the firm of Krentsel & Guzman LLP, to reimburse defendant for its fees and costs incurred in relation to the depositions of plaintiff's liability expert, Captain Douglas M. Moss. (Sanctions Order at 9, June 29, 2017, ECF No. 64). Specifically, plaintiff's counsel failed to provide defendant's counsel with Captain Moss's significantly revised and expanded expert report in advance of Captain Moss's deposition. Indeed, plaintiff's counsel failed to provide defendant with a copy of the new report until several days after the deposition. (See id. at 1-2). Defendant first learned about the new report when Captain Moss himself brought it to counsel's attention, causing the termination of the deposition and the need for defendant to reschedule and prepare anew for the Captain's deposition. (See id.)

Now before the Court is plaintiff's counsel's motion to reduce the amount of fees owed as sanctions. For the reasons explained below, the motion is denied, and the firm of Krentsel & Guzman LLP is Ordered to pay defendant's counsel $4,053.10 as reimbursement for attorneys' fees under the Court's June 23, 2017 sanctions Order. Payment shall be made no later than

1

January 18, 2018.

## DISCUSSION

### A. The Parties' Arguments

Plaintiff argues that the $4,053.10 sought by defendant is "unduly excessive" and not in conformance with the June 29, 2017 Order. (Pl.'s Mot. at 1, Sept. 27, 2017, ECF No. 71). First, plaintiff argues that defendant is not entitled to fees for attendance at the first deposition on May 15, 2017, but, under the terms of the earlier Order, need only be reimbursed for time spent preparing for that deposition. (Id.) Even if defendant were entitled to reimbursement for time spent attending that first deposition, plaintiff argues that the deposition lasted only 33 minutes. (See id. at 2). Second, plaintiff contends that it was unreasonable for defense counsel to spend 3.5 hours preparing for the expert deposition when the expert report was only three pages long, and plaintiff suggests that 1.5 hours would be a more reasonable figure. (Id.) Third, plaintiff submits that a 20 minute phone call regarding defendant's motion to strike (which prompted the Court to sanction plaintiff's counsel) does not fall within the ambit of the Court's Order. (See id. at 2). Fourth, plaintiff argues that defense counsel's bill for two hours to attend the May 31, 2017 conference should be reduced because the conference lasted less than thirty minutes. (Id.) Fifth, plaintiff contends that the second deposition of Captain Moss lasted only 75 minutes, and defendant's request to be reimbursed for 2.5 hours is therefore unreasonable. (See id.) Finally, plaintiff argues that defense counsel could not reasonably have spent 5.5 hours to prepare for that 75-minute second deposition of Captain Moss. Instead, plaintiff's counsel suggests that defendant should be reimbursed only for three hours of preparation. (Id.)

In response, defendant explains that the amounts requested in connection with the Court's

sanctions Order are accurate, reflect time counsel actually billed to the client, and were necessarily incurred in connection with the matters embraced by the Court's sanctions Order. (See Def.'s Opp'n at 1-2, Oct. 3, 2017, ECF No. 72). Attendance at depositions and conferences, defendant explains, necessarily involves travel time that, under the letter and spirit of the Court's sanctions Order, defendant should not have to pay. (See id.) Defendant also argues that the time spent preparing for the two depositions of plaintiff's liability expert was eminently reasonable. (See id.)

**B. Analysis**

Plaintiff's motion is utterly devoid of merit. See Fed. R. Civ. P. 11; see also Reynolds v. American Airlines, Inc., No. 14 CV 2429, 2017 WL 5613115, at *11 (E.D.N.Y. Nov. 21, 2017) (observing that "[i]t strains all credulity that plaintiff's counsel, after reading the Court's Orders [and] participating in the conference with the Court, . . . could in good faith seek to construe the Court's Orders in this way"), ECF No. 113. That is particularly true in light of the Court's explicit finding in the sanctions Order that the sanctions resulted from "plaintiff's counsel's own egregious violations of this Court's Orders and the Federal Rules of Civil Procedure." (Sanctions Order, June 29, 2017, ECF No. 64).

The Court has carefully reviewed the billing entries submitted by defendant's counsel and finds the time spent and amounts charged to be exceedingly reasonable. The defendant correctly included its attorney's travel time in the amounts for which it seeks reimbursement under the Court's Order. Although it is true that in other contexts courts award attorneys' fees for travel time at half of the ordinary hourly rate, such strictures do not apply here, where the award of attorneys' fees is made as a sanction for counsel's litigation conduct and thus serves both to penalize plaintiff's counsel for "egregious conduct" and to ensure that the defendant is not

3

required to pay for plaintiff's counsel's bad behavior. Halving the hourly rate would also be particularly inappropriate here given the already-reasonable rate charged for counsel's time. (See Breakdown of Attorneys' Fees, Sept. 27, 2017, Ex. 1 to Pl.'s Mot., ECF No. 71 (reflecting an hourly rate of $225)).

Plaintiff also has no basis upon which to quarrel with the amount of time defendant's attorney spent preparing for the two depositions of plaintiff's liability expert. Defendant's counsel spent 3.5 hours preparing for the first deposition and 5.5 hours preparing for the second deposition. Attorneys are expected to be fully prepared for each proceeding they attend if they are to protect their clients' interests, and defendant's counsel did no more than discharge his duty in preparing for the depositions. Particularly in light of plaintiff's counsel's malfeasance with respect to the first deposition of Captain Moss, it would have been reasonable for defendant's counsel to have spent significantly more time preparing for the rescheduled deposition. Counsel's preparation yielded results, for it laid the foundation for defendant's successful motion *in limine* to preclude Captain Moss from testifying as a liability expert. See 2017 WL 5613115, at *6-10.

Finally, plaintiff correctly observes that the Court's sanctions Order, as phrased, requires plaintiff's counsel to reimburse defendant only for its counsel's time spent "in preparing for the [first] deposition," but not for attending the first deposition. (Sanctions Order at 9; see Pl.'s Mot. at 1-2). The defendant is correct, however, that the Court clearly intended by the sanctions Order to ensure that "American Airlines should not have to bear any cost associated with [the first] deposition, which was a complete waste of time." (Def.'s Opp'n at 1). The Court therefore revises the sanctions Order to make explicit its intent that plaintiff's counsel must pay for the time spent by defendant's counsel both preparing for and attending the first deposition of Captain

Moss. See Fed. R. Civ. P. 54(b) (providing that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities").

## CONCLUSION

As explained above, the Court denies plaintiff's counsel's motion to reduce the sanctions award in its entirety. Plaintiff's counsel, the firm of Krentsel & Guzman LLP—but not the plaintiff individually—is Ordered to deliver a check in the amount of Four Thousand Fifty-Three Dollars and Ten Cents ($4,053.10), which represents the amount of sanctions due under the Court's June 29, 2017 sanctions Order, to defendant's counsel, Rutherford & Christie LLP, no later than January 18, 2018 at 5:00 p.m.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 9, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York